No. 10,455.

BABB v. BABB.

SUPREME COURT.—*Instructions.*—*Evidence.*—Where the evidence is not in the record, instructions, which might be correct under evidence which could have been properly admitted, will be upheld in the Supreme Court.

DEMAND.—*Sale.*—*Ratification.*—Where A. without authority sells B.'s property, and the latter ratifies the sale, he can not maintain a suit for the money received without a previous demand therefor.

From the Shelby Circuit Court.

*J. B. McFadden* and *E. S. Stilwell*, for appellant.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney*, for appellee.

ELLIOTT, J.—The questions in this case arise upon the ruling denying appellant a new trial. Two instructions given by the court are said to be erroneous. The evidence is not in the record, and if, therefore, the instructions were correct upon any supposable case that might have been made, under the issues, by the evidence, we must affirm. As to one of them, the first of the two assailed, it is plain, that when read as it should be, in connection with the other instructions upon the same subject, it is a correct statement of the law, and we dismiss it without further remark.

The complaint alleges that George Babb, without right, sold a horse belonging to the appellant to the appellee; that the latter subsequently sold it to one Tomlinson, and received $100 for it; that appellant afterwards informed appellee of her ownership, that the horse was wrongfully sold, and demanded the $100 which he had received. Issue was made by a general denial. The second of the two instructions complained of reads thus: " It was necessary that the plaintiff should demand the $100 sued for before bringing this suit, and you must determine whether such demand was made and defendant refused to comply. It would not be sufficient, if the plaintiff, by her attorney, James B. McFadden, only demanded possession of the horse."

In ordinary cases, the owner of personal property can main-

tain trover against one who wrongfully converts his property without a demand, for where there is a conversion there need be no demand.  This rule, however, does not apply to this case.  Here the owner does not sue for the conversion of the property, but, waiving the tort, sues as for money had and received.  It is very easy to suppose evidence making such an instruction as that given entirely relevant and proper.  It may well be that appellant had treated the appellee as her agent, and consented to the sale, and in such a case demand would be necessary ; or it may be that the evidence showed a ratification of the sale, and in such a case the instruction would be proper.  The allegations of the complaint go far to justify such suppositions.  It alleges that she "demanded of the defendant payment for said filly in the sum of $100, the same being the amount received by the defendant from the said Tomlinson as aforesaid."

Judgment affirmed.